```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION

MICHELLE Y. ROBINSON,

                 Plaintiff,
     vs.                                 Civil Action 2:13-CV-1055
                                         Judge Sargus
                                         Magistrate Judge King
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
```

## REPORT AND RECOMMENDATION

This was an action instituted under the provisions of 42 U.S.C. § 405(g) for review of the decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplement security income.  On December 2, 2014, the decision of the Commissioner was reversed and the matter was remanded to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further consideration of the opinion of plaintiff's treating neurosurgeon.  *Order,* ECF 23; *Judgment*, ECF 25.  This matter is now before the Court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. *Application for Attorney Fees under the Equal Access to Justice Act,* ECF 26 ("*Plaintiff's Motion*").  There has been no response to *Plaintiff's Motion*.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, provides, in pertinent part, that a court may award to a prevailing party other than the United States reasonable attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  The party seeking an award of such fees and expenses is required to submit a fee application

1

to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(B). Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. *See DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in *Pierce v. Underwood*, 487 U.S. 552 (1988). In *Pierce*, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." *Pierce, supra*, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id*., citing, *inter alia*, *Trident Marine Construction, Inc. v. District Engineer*, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. *Jankovich v. Bowen*,

868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in *Trident Marine Construction* to this application for attorneys' fees.

Plaintiff secured final judgment reversing the decision of the Commissioner and is therefore a "prevailing" party within the meaning of the EAJA. Furthermore, the motion for fees was filed within thirty (30) days after final judgment was entered. Moreover, the United States has not carried its burden of demonstrating that its position was substantially justified. Plaintiff is therefore entitled to an award of attorney fees.

Having determined that an attorney fee should be awarded under the EAJA, the Court must also determine what fee is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.). Plaintiff seeks an award of $ 3,162.88 and itemizes 17.15 hours of attorney's work in connection with the case before this Court. The amount sought reflects an hourly rate of $182.50 for the 3.95 hours of work performed in 2013 and an hourly rate of $185.00 for the 13.20 hours of work performed in 2014.

An award under the EAJA must be reasonable:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher

hourly rate.  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)).  To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (quoting *Blum*, 465 U.S. at 895 n.11).

Once the district court has examined the prevailing market rate, it must then consider whether a fee in excess of the $125.00 statutory cap is justified based on cost of living increases.  28 U.S.C. § 2412(d)(2)(A); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992).  "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant such an adjustment is left to the sound discretion of the district court.  *Id.* at 199-200. Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate does not warrant an increase in the rate.  *Bryant*, 578 F.3d at 450.

In the case presently before the Court, plaintiff has submitted the affidavit of her attorney, Paul F. Woodrow, a copy of *The Economics of Law Practice in Ohio 2013,* and awards of attorney fees in other cases in support of the proposed hourly rates.  The normal hourly rate of plaintiff's attorney is $200 per hour.  *See Affidavit of Plaintiff's Attorney, Paul F. Woodrow*, attached to *Plaintiff's Motion* as Exhibit 1, at p. 2. Additionally, plaintiff has provided evidence that the median billing rate in the Downtown Columbus area, where plaintiff's attorney practices, is $275 per hour, the median billing rate for Social Security attorneys in

4

Ohio is $250 per hour, and the median billing rate in Ohio for attorneys with 16 years' experience is $200 per hour. *See The Economics of Law Practice in Ohio in 2013*. Under the circumstances, the Court concludes that plaintiff has provided satisfactory evidence that the requested average hourly rates are in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Cf*. *Delver v. Astrue*, No. 1:06cv266, 2011 WL 4914963, at *3 n.2 (S.D. Ohio Sept. 9, 2011) (suggesting a preference for "affidavits from other attorneys who practice in federal court," "publications that discuss the prevailing market rate," or "an affidavit from counsel setting forth . . . her normal hourly rate").

The Court also concludes that the hours itemized by plaintiff's attorney are reasonable.

Finally, plaintiff requests that any fees awarded be payable directly to her attorney, pursuant to her affidavit and assignment of EAJA fees. *See Plaintiff's Motion*, p. 8. The United States Supreme Court has determined that fees awarded to a prevailing party under the EAJA belong to the litigant, not to her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). Fees can be directly awarded to an attorney, however, where the litigant does not owe a debt to the government and assigns the right to receive fees to the attorney. *Id*. at 2529.

In the case presently before the Court, it is unclear whether plaintiff owes a debt to the government. Accordingly, the Court concludes that, under *Ratliff*, the proper course is to award fees directly to plaintiff and remain silent as to the ultimate disposition of those fees. *See Oliver v. Comm'r of Soc. Sec.*, No. 2:11-cv-447, 2013 WL 65429 (S.D. Ohio Jan. 4, 2013).

It is therefore **RECOMMENDED** that *Plaintiff's Motion*, ECF 26, be granted.  It is **SPECIFICALLY RECOMMENDED** that plaintiff be awarded an attorney fee pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in the total amount of $ 3,162.88.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: January 28, 2015                                    *s/Norah McCann King*
                                                                    Norah McCann King
                                                          United States Magistrate Judge